# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : CRIMINAL |
| v. | : |
| | : NO. 95-124-08 |
| WAYNE TRICE, a/k/a DAWAYNE TRICE, | : |
| a/k/a LARRY LEGGIT, a/k/a LARRY LEGGITT, | : CIVIL |
| a/k/a LARRY LEGETT, a/k/a LARRY LEGGETTE, | : |
| a/k/a WIZ, | : NO. 08-1047 |
| Defendant. | |

## Memorandum

YOHN, J.                                                                                                       June 5, 2009

Defendant Wayne Trice has filed a motion for modification of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).[1] Trice seeks reduction of his sentence following Amendment 706 to the Sentencing Guidelines, which reduced the offense levels of crack-based offenses and was made retroactively applicable by Amendment 713, effective March 3, 2008. U.S.S.G. Supp. to App'x C, Amend. 706, 711, 713. The government concedes that Trice is eligible for a sentencing reduction, but urges the court to deny Trice's motion on discretionary grounds. For the reasons discussed below, the court will grant the motion.

I.      **Factual Background**

On July 17, 1996, a jury found Trice guilty of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846, and possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Due to the amount of cocaine base (crack) involved, defendant's base offense level under the then-applicable Sentencing Guidelines was 38. U.S.S.G. § 2D1.1(c)(1)

---

[1] Defendant titled his motion as if pursuant to 28 U.S.C. § 2255. However, defendant and the government agree the motion should be considered under 28 U.S.C. § 3582(c)(2).

(2005). After a 2-point increase for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1), defendant's total offense level was 40. Defendant had a criminal history category of II due to a first degree murder conviction in Pennsylvania court. This 40-II combination yielded a sentencing range of 324-405 months' imprisonment. The court imposed a sentence at the top of this range: 405 months. The court also sentenced Trice to five years' supervised release, a $2,000 fine, and a $100 special assessment. *United States v. Trice*, No. 95-124-08, (E.D. Pa. Oct. 23, 1996) (Judgment in a Criminal Case) (Doc. No. 280).

On November 1, 2007, the United States Sentencing Commission adopted Amendment 706 to the Sentencing Guidelines, which, as further amended by Amendment 711, decreased by two levels the base offense level for defendants being sentenced for crack offenses. *See United States v. Wise*, 515 F.3d 207, 219 (3d Cir. 2008) (citing U.S.S.G. § 2D1.1; U.S.S.G. Supp. to App'x C, Amend. 706). Amendment 706 was made retroactive pursuant to Amendment 713, which became effective on March 3, 2008. U.S.S.G. Supp. to App'x C, Amend. 713. If Amendment 706 had been in place at Trice's original sentencing, his base offense level would have been 36, and his total offense level would have been 38. With a 38-II combination, the applicable sentencing range would have been 262-327 months.

Trice is in the custody of the Pennsylvania Department of Corrections. In addition to his federal sentence, he is serving a state sentence of life imprisonment for first degree murder, as well as additional state sentences that are consecutive to the life sentence.[2] Evidently, Trice has

---

[2] According to the Presentence Investigation Report prepared for Trice's original sentencing, Trice's additional, consecutive state sentences total 15-37 years. Defense counsel represented that the additional state sentences total 6-17 years' imprisonment. (Def.'s Reply Supp. Mot. Reduction Sentence (Doc. No. 459) ("Reply") 2 n.1.) In a letter to the court dated March 18, 2009, the government stated that the additional time is "more than 10 years." The

adapted well to incarceration. His "Correctional Plan" prepared in April 2008 reports "no misconducts." (Def.'s Supplemental Mem. Law Supp. Mot Reduction Sentence (Doc. No. 457) ("Def.'s Supplemental Mem.") Ex. A.) Moreover, Trice successfully completed numerous prison programs and educational courses. (*Id.* Ex. A-C.) As defense counsel expressed at oral argument and in writing, Trice has twice received "promotional transfers . . . resulting in his being designated to facilities closer to home and family." (Def.'s Supplemental Mem. 4.)

## II.     Discussion

### A.     Statutory Basis for Sentence Modification

In general, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2006). However, Congress has empowered the courts to modify already-imposed sentences in limited circumstances, including:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court *may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(2) (emphasis added). As expressed by the permissive "may," court's have discretion as to whether to grant § 3582(c)(2) reductions. *Cf. United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009) ("We review a [district] court's ultimate decision whether to grant or deny a defendant's motion to reduce sentence under § 3582(c)(2) for abuse of discretion."). The Sentencing Commission has expressed its policy statement regarding sentence reduction pursuant

---

precise length of Trice's additional, consecutive state sentences do not affect the court's conclusions.

to § 3582(c)(2) in U.S.S.G. § 1B1.10.  Subsection (c) of § 1B1.10 sets out the "covered amendments" to the Guidelines that, pursuant to § 3582(c)(2), may be retroactively applied to reduce already-imposed sentences.  Thus, an amendment must be listed in § 1B1.10(c) for the retroactive application of that amendment to be consistent with the Sentencing Commission's policy statement.  Amendment 706 is listed in § 1B1.10(c) and, thus, may be applied retroactively.

    Trice argues that, under *United States v. Booker*, 543 U.S. 220 (2005), which rendered the sentencing guidelines advisory, the court may grant a reduction greater than that authorized by the amended guidelines.  The Third Circuit has rejected this argument.  *United States v. Doe*, 564 F.3d 305, 312-14 (3d Cir. 2009).  In *Doe*, the Third Circuit explained that "*Booker* 'applies to full sentencing hearings—whether in an initial sentencing or in a resentencing where the original sentence is vacated for error,' but not to sentence modification proceedings under § 3582(c)(2)." *Doe*, 564 F.3d at 313 (quoting *United States v. Dunphy*, 551 F.3d 247, 253 (4th Cir. 2009)).  The Third Circuit went on to explain that "[n]othing in *Booker* purported to obviate the congressional directive in § 3582(c)(2) that a sentence reduction pursuant to that section be consistent with Sentencing Commission policy statements." *Id.* at 314.  The Sentencing Commission's policy statement states, in relevant part, that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." § 1B1.10(b)(2)(A).[3]  Thus, the amended guidelines

---

[3] Section 1B1.10(b)(2)(B) modifies the broad prohibition in § 1B1.10(b)(2)(A). Section 1B1.10(b)(2)(B) provides:
>If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under

limit the amount by which a court may modify a sentence in § 3582(c)(2) proceedings, *Booker* notwithstanding.

      **B.**    **Application of § 3582(c)(2) to Trice's Case**

The official commentary to § 1B1.10 provides guidance as to how courts are to exercise their discretion when considering § 3582(c)(2) motions. Application Note 1 states:

> (B) Factors for Consideration.--
> (I) In General.--Consistent with 18 U.S.C. 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. 3553(a)
> . . . .
> (ii) Public Safety Consideration.--The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment
> . . . .
> (iii) Post-Sentencing Conduct.--The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment .
> . . .

§ 1B1.10 cmt. n.1 (2008).

The government urges the court to refrain from reducing Trice's sentence, arguing against such a reduction on public safety grounds. The government emphasizes that Trice was convicted of murder, he was a member of a violent drug trafficking organization, and he served as a bodyguard and enforcer for the kingpin of that organization. As an individual who committed heinous and damaging crimes, Trice can be considered dangerous. However, the government's public safety argument does not persuade the court. Concurrent with his federal sentence, Trice

---

      subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

Because Trice's original term of imprisonment was not less than that provided by the then-applicable guideline range, § 1B1.10(b)(2)(B) does not apply to Trice's case. Therefore, under § 1B1.10(b)(2)(A), the court may not reduce Trice's sentence to a term below the amended guideline range.

is serving a state life sentence, followed by additional, consecutive state imprisonment.  Thus, a reduction in his federal sentence will not result in an earlier release date for Trice.[4]

In further support of its opposition to any reduction of sentence, the government argues that Pennsylvania may, at some point in the future, alter its sentencing laws such that Trice would become eligible for early release, despite his state life sentence and the additional, consecutive state sentences.  Such a speculative and unfounded suggestion does not sway the court.  From the record, the court concludes that a reduction of Trice's federal sentence would not pose additional danger to "any person or the community."  § 1B1.10 cmt. n.1(B)(ii) (2008).  Thus, in this case, the public safety factor does not weigh against granting Trice's motion.  Additionally, the court recognizes Trice's commendable post-sentence conduct during the approximately fifteen years of his incarceration.  This factor weighs in favor of granting Trice's motion.[5]

---

[4] Although Trice will not gain an earlier release date, he seeks a § 3582(c)(2) reduction of his federal sentence to "vindicate the important policies underlying the crack cocaine amendments and validate [his] . . . efforts at rehabilitation." (Reply 3.)  Additionally, at oral argument, defense counsel suggested that a reduced federal sentence would allow Trice to more quickly become eligible for preferred prison work assignments or programs.

[5] Citing 18 U.S.C. § 3553(a)(6), defendant also urges the court to reduce his sentence so as to avoid disparity between his sentence and that of one of his co-defendants, Nathaniel Jones, another member of the same drug ring whose sentence was modified with the government's agreement following Amendment 706.  Section 3553(a)(6) states that, in determining a particular sentence, a court should consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  After reviewing Jones's record, the court finds that Trice's record varied substantially from Jones's.  Most notably, whereas Trice was convicted of first degree murder, Jones's presentence report initially listed an alleged second degree murder conviction that was ultimately stricken from the report on the government's motion because it was unable to confirm the conviction.  Jones stated the charges against him had been dismissed when his co-defendant was found guilty.  For the court's purposes, then, Jones had no murder conviction, and he and Trice are not similarly situated.  Therefore, even if the court were to deny Trice's motion, no § 3553(a)(6) disparity would result.  For the other reasons discussed in this memorandum, however, the court will nevertheless grant Trice's motion.

6

Moreover, the court notes that it sentenced Trice at the top of the then-applicable guideline range (324-405 months). Had the amended guideline range been in effect at the time of Trice's original sentencing, the court would have sentenced Trice at the top of that range under the factors enumerated in § 3553(a). For these reasons, the court will exercise its discretion to grant Trice's motion.

The court must also, then, determine what modified sentence to impose, within the amended guideline range.[6] Defendant has a good prison record following his original sentencing. However, his conduct prior to sentencing features substantial negative factors. In addition to his state conviction for murder and related offenses, the presentence report notes that Trice has passive and aggressive anti-social features, previously abused PCP, and carried a gun as bodyguard for a drug kingpin. Moreover, Trice expressed no acknowledgment of guilt prior to his sentencing, despite overwhelming evidence against him. Additionally, his criminal history category was minimal in view of his prior record. For the reasons discussed above, the court will reduce Trice's sentence to the top of the amended guideline range: 327 months. The 2-point reduction in Trice's offense level and the resulting sentence reduction of 78 months give Trice adequate credit not only for Amendment 706 but also for his post-sentence conduct.

---

[6] At oral argument, the defendant and the government agreed that I should resentence Trice without a further evidentiary hearing, after reviewing the legal issues in this case and considering the documents submitted by the defendant concerning his conduct in prison.