**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Cr. NO. 95-124-08** |
| **WAYNE TRICE** | : | |

**ORDER**

AND NOW, this     day of          , 2016, upon consideration of the government's amended response to the defendant's motion for a sentence reduction pursuant to 28 U.S.C. § 2255 based on Sentencing Guideline amendments, the defendant's motion is **DENIED** as moot, as the defendant has completed his federal term of imprisonment.

**BY THE COURT:**

_____
 **HON. PETRESE B. TUCKER**
 **Chief United States District Court Judge**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

          v.          :          Cr. N0. 95-124-08

WAYNE TRICE          :

## GOVERNMENT'S AMENDED RESPONSE TO THE DEFENDANT'S MOTION FOR A REDUCTION OF SENTENCE PURSUANT TO 28 U.S.C. § 2255

Defendant Wayne Trice has filed a motion pursuant to 28 U.S.C. § 2255 seeking a sentence reduction. Trice cites the 2007 and 2012 amendments to the drug guidelines and asks this Court to reconsider the 2012 order reducing his sentence and grant an additional reduction. Treating this motion as a request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, the government filed a response opposing the motion on July 20, 2016. Based on an inquiry by the Court, the government subsequently contacted the Federal Bureau of Prisons regarding the defendant's sentencing computation, and in particular, when the defendant would complete his federal sentence. As explained below and confirmed by the BOP report,[1] the defendant completed his federal sentence on October 29, 2015. Accordingly, the pending motion for a sentence reduction is moot and should be denied on this basis.

On March 15, 1995, a grand jury returned an indictment charging Wayne Trice and several others with conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §

---

[1] A copy of the report has been provided to the Court and the defendant.

846. Trice was also charged with two counts of possession of crack with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

On August 14, 1995, Trice pled guilty to Count One pursuant to a written plea agreement with the government. In April 1996, Trice moved to withdraw his plea, and the Court granted his motion. Trice proceeded to trial and, on July 17, 1996, was convicted of the conspiracy count and one substantive drug count.

While awaiting trial in this case, Trice was convicted in state court of first degree murder and related offenses. As set forth in the PSR, Trice, in concert with another, shot and killed a 25-year-old woman. PSR ¶ 60. Trice was sentenced to life imprisonment in this case, followed by consecutive sentences on the other counts. PSR ¶ 60.

The Probation Office determined that Trice was responsible for the distribution of 1.5 kilograms of crack, which yielded a base offense level of 38. PSR ¶¶ 41, 48. Trice received a two-level increase for gun possession, resulting in a total adjusted offense level of 40. PSR ¶ 49 Trice was in criminal history category II, and his guideline range was 324 to 405 months. At the sentencing hearing on October 22, 1996, the Honorable William Yohn adopted the guideline calculation in the PSR and sentenced Trice to 405 months' imprisonment. The Court ordered the sentence to run concurrently to the state court sentence.

Trice appealed his conviction and sentence, which was docketed as No. 96-1987. On November 12, 1997, the Third Circuit affirmed the Court's judgment.

In 2008, Trice filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines, which lowered the base offense level for most crack offenses. Under Amendment 706, Trice's base offense level was 36, and his total offense level was 38. At the established criminal history category of

II, his guideline range was 262 to 327 months. The government agreed that the retroactive amendment lowered his base offense level and guideline range and that Trice was eligible for a reduction, but opposed the motion on the basis of Trice's violent conduct, including his murder conviction, his participation in a violent drug trafficking organization, and his role as a bodyguard and enforcer for the kingpin of that organization.

In June 2009, Judge Yohn granted the motion, noting that Trice was serving a concurrent sentence of life imprisonment for his murder conviction and thus did not pose a danger to the community. The Court further found that Trice's post sentence conduct during the approximately 15 years of his incarceration had been commendable. Noting that it had sentenced Trice to the top of the guideline range, the Court reduced Trice's sentence to the top of the amended guideline range, or 327 months.

In 2012, Trice filed a motion for a sentence reduction under Section 3582(c)(2) and Amendment 750, effective November 1, 2011. The government agreed that the amendment lowered Trice's guideline range, this time to 210 to 262 months, but again objected to a reduction based on Trice's criminal record. The Court granted the motion and reduced Trice's sentence to 262 months.

Trice filed his current motion for a sentence reduction on July 11, 2016, and the government filed its initial response on July 20, 2016. The Court subsequently raised a question about the status of Trice's federal sentence, and scheduled a status hearing in this case for October 25, 2016. The government contacted BOP to determined Trice's federal sentencing status.

Because Trice was in federal custody in this case on a writ from state custody and was returned to state custody to serve his state sentence of life, Trice was never in BOP

custody, nor was BOP asked to compute his sentence at the time he was sentenced. BOP has now computed Trice's federal sentence. BOP determined that Trice's sentence commenced when Trice was sentenced on October 22, 1996. BOP then applied the maxium amount of good time credit of 1027 days to the sentence of 262 months. BOP determined that with full good time credit, Trice would have completed his 262-month term of imprisonment on October 29, 2015. BOP has notified the US Marshal's that Trice has completed his federal sentence and any detainer that has been lodged with the state should be lifted.

Because Trice has served his full term of imprisonment in this case, Trice's motion for a sentence reduction should be denied as moot. In addition, the government respectfully submits that the status hearing scheduled for October 25, 2016 to address the status of Trice's federal sentence is unnecessary in light of BOP's determination that Trice has completed his term of imprisonment in this case, and requests the Court to cancel this hearing.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


/s/ Bernadette McKeon
BERNADETTE McKEON
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Government's Amended

Response to the Defendant's Motion for a Reduction of Sentence pursuant to 28 U.S.C. §

2255 was served by first class mail, postage prepaid, upon:

> Mr. Wayne Trice
> a/k/a L. Leggett
> No. CK-1063
> SCI
> 301 Morea Road
> Frackville, PA   17932

/s/ Bernadette McKeon
BERNADETTE McKEON
Assistant United States Attorney


DATE:  August 16, 2016